# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                No. CR 08-2722 JB

LUIS BELTRAN-RIVERA,

       Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Defendant's Objection to the Pre-Sentence Report, filed June 11, 2009 (Doc. 25). The Court held a sentencing hearing on September 9, 2009. The primary issue is whether K.S.A. § 21-3716, the statute for attempted aggravated burglary of which Defendant Luis Beltran-Rivera was convicted, is a crime of violence. Because the Kansas aggravated burglary statute neither constitutes "burglary of a dwelling" nor "the use, attempted use, or threatened use of physical force against the person of another," the Court will sustain Beltran-Rivera's objection to the PSR.

## FACTUAL BACKGROUND

Beltran-Rivera's past criminal record includes a prior conviction for attempted aggravated burglary. On January 6, 1989, Beltran-Rivera pulled on a window screen on a victim's house in Kansas with the intent to commit an aggravated burglary, but was intercepted by the victim before

---

[1] In its Memorandum Opinion and Order, entered October 6, 2009 (Doc. 28), the Court stated that the original pre-sentence report prepared by the probation office found Beltran-Rivera's offense level to be 13 with a criminal history category of VI, for a guideline imprisonment range of 33-51 months. The guideline imprisonment range should have been stated as 33-41 months. This Amended Memorandum Opinion and Order reflects that amendment.

he could complete the crime.  On August 18, 2008, Beltran-Rivera was arrested for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a)(1) and (2).

## PROCEDURAL BACKGROUND

On November 19, 2008, Beltran-Rivera pled to illegal reentry, in violation of 8 U.S.C. § 1326(a)(1) and (2).  The original pre-sentence report prepared by the probation office found Beltran-Rivera's offense level to be 13 with a criminal history category of VI, for a guideline imprisonment range of 33 to 41 months.  A second pre-sentence report ("PSR") was prepared, finding Beltran-Rivera's adjusted offense level to be 21 and his criminal history category to be VI.  Beltran-Rivera now faces a sentencing guideline range of 77 to 96 months, based primarily on a 1989 Kansas felony conviction for attempted aggravated burglary, in violation of K.S.A. § 21-3716.  The probation office compared the statutory definition of attempted aggravated burglary, K.S.A. § 21-3716, to the generic definition of burglary of a dwelling laid out in Taylor v. United States, 495 U.S. 575, 600 (1990), and concluded that the two definitions were similar but that the state statute was broad with regard to the building that must be entered unlawfully or without privilege.  The probation office used the modified categorical approach in determining whether the crime is a crime of violence.  It looked at the charging document for the predicate offense to clarify what building Beltran-Rivera entered unlawfully or without privilege, and learned that he had pulled on a window screen of a residence with the intent to commit an aggravated burglary but failed because others intercepted him.  In paragraph 13 of the second PSR, the probation office assessed Beltran-Rivera a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on its conclusion that Beltran-Rivera's 1989 conviction constitutes a burglary of a dwelling and thus a

crime of violence.[2]

Beltran-Rivera submits an objection to the PSR, a sentencing memorandum, and, pursuant to United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a), a request for a reasonable sentence. Specifically, Beltran-Rivera objects to the 16-level enhancement. Beltran-Rivera contends that the Kansas aggravated burglary statute contains no element set or divisible portion of the statute pertaining to the burglary of a dwelling, and therefore the Court should apply the pure categorical approach, not the modified categorical approach, to assess whether the statute constitutes a crime of violence. Beltran-Rivera argues that, under the categorical approach, the Kansas statute for aggravated burglary does not require proof that Beltran-Rivera burglarized a dwelling, one of the specified crimes that is a crime of violence under the sentencing guidelines.

## LAW REGARDING ENHANCEMENT FOR CRIME OF VIOLENCE

A 16-level enhancement applies where an illegal re-entry defendant was previously convicted for a felony crime of violence. Section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines provides for a 16-level increase in the offense level "[i]f the defendant previously was deported . . . after (A) a conviction for a felony that is . . . (ii) a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to U.S.S.G. § 2L1.2(b)(1) states that "crime of violence" means "any of the following":

> murder, manslaughter, kidnaping, aggravated assault, forcible sex offense, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

---

[2] In the hearing on this motion, the United States represented that it is not defending the probation office's analysis that the conviction constituted a burglary of a dwelling. See Hearing Tr. at 14:11-15 (taken September 9, 2009).

U.S.S.G. § 2L1.2(b)(1) App. Note 1(B)(iii).

### 1.    Categorical and Modified Categorical Approach.

When a defendant contests whether a prior conviction is a crime of violence, the sentencing court is generally required to follow the "categorical approach" that the Supreme Court of the United States adopted in Taylor v. United States, 495 U.S. at 600.  See United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005).  Under the categorical approach, the court may look only to the statutory definition of the prior offenses, and not to the particular facts of the defendant's underlying conduct.  See United States v. Perez-Vargas, 414 F.3d at 1284.  In determining whether a prior offense has, as an element, the use, attempted use, or threatened use of physical force, the court's inquiry is limited to the offense's statutory definition and must ignore the facts of the underlying offense.  See United States v. Zuniga-Soto, 527 F.3d 1110, 1118 (10th Cir. 2008).

In a "narrow range" of cases, the categorical approach permits the court to look beyond the statute of conviction and to apply a "modified categorical approach." United States v. Torres-Romero, 537 F.3d 1155, 1158 (10th Cir. 2008).  When the underlying statute "reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy."   537 F.3d at 1158 (quoting United States v. Martinez-Hernandez, 422 F.3d 1084, 1086 (10th Cir. 2005)).  Under the modified categorical approach, the court "may examine judicial records in order to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face." 537 F.3d at 1158 (quoting United States v. Zuniga-Soto, 527 F.3d 1110, 1121 (10th Cir. 2008)).  The United States Court of Appeals for the Tenth Circuit has said that "the modified approach is properly used when the statute of conviction contains multiple element sets and is

-4-

therefore divisible." United States v. Herrera, 286 Fed. Appx. 546, 552 (10th Cir. 2008)(unpublished opinion)(citing United States v. Hays, 526 F.3d 674, 676 (10th Cir. 2008)).

In United States v. Herrera, 289 Fed. Appx. 546, the Tenth Circuit stated that, in analyzing the elements of a statute, the court may give deference to the state court's interpretation of the underlying statute of conviction. 289 Fed. Appx. at 557. On the other hand, the Tenth Circuit has also said that the court should interpret the nature of the offense in a manner consistent with federal law and policy, and not necessarily with how the state law classifies an offense. In United States v. Cordova-Arevalo, 456 F.3d 1229 (10th Cir. 2006), the Tenth Circuit discussed the role of state court classifications:

> Certainly state courts are more familiar with state statutes and offenses. But the fact is immaterial to the issue. The sentence imposed here is for a violation of federal law. How prior convictions aggravate a federal sentence is likewise a matter of federal law and policy. As a result, we have no trouble concluding the definition of the term "felony" imported into 8 U.S.C. § 1326(b) through 18 U.S.C. § 3559(a) and incorporated into USSG § 2L1.2 commentary note 2 is consistent with an articulated federal scheme and purpose and is applicable despite a state's contrary classification of an offense.

456 F.3d at 1234. See United States v. Rodriguez-Enriquez, 518 F.3d 1191, 1193 (10th Cir. 2008)(stating that "the [Colorado state court's] decision is hardly binding on our interpretation of USSG § 2L1.2(b)(1)(A)(ii).").

**2.    Meaning of "Crime of Violence".**

Crimes of violence are crimes that are either one of the twelve enumerated crimes or crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1) App. Note 1.(B)(iii). Generally, in determining whether a prior conviction was for a "crime of violence" under U.S.S.G. § 2L1.2, the "categorical approach" is used. United States v. Martinez-Hernandez, 422 F.3d 1084, 1086-87 (10th Cir. 2005). The Tenth

Circuit's jurisprudence has continuously enforced the application of the categorical approach to the determination whether a particular statute constitutes a "crime of violence."   See United States v. Serafin, 562 F.3d 1105, 1107-08 (10th Cir. 2009)(holding that possession of an unregistered weapon is not a crime of violence because, "under a categorical approach, [possession of an unregistered weapon] does not necessarily implicate a disregard of a risk of force, nor does it anticipate that force may be used . . . ."); United States v. Yanez-Rodriguez, 555 F.3d 931, 944-45 (10th Cir. 2009)(using the categorical approach to hold that the Kansas sexual battery statute is a crime of violence).  The Court must look at the elements of the statute to determine whether the elements require "the use, attempted use, or threatened use of physical force against the person of another."  See United States v. Martinez-Hernandez, 422 F.3d at 1086.

The Tenth Circuit recently interpreted "physical force" to require "the presence of . . . mechanical impact that defines when force is physical." United States v. Rodriguez-Enriquez, 518 F.3d 1191, 1194 (10th Cir. 2008)(holding that intentionally poisoning another did not constitute mechanical impact and thus was not a crime of violence).  The Tenth Circuit has also observed that "'crime of violence' is defined more narrowly in § 2L1.2 than in other contexts because the definition does not encompass acts involving the use of force against property or acts that merely pose a risk of harm to another person."  United States v. Herrera, 286 Fed. Appx. at 557 (internal quotation marks and citations omitted).  In this sense, § 2L1.2 is more broad than 18 U.S.C. § 16, which the United States Supreme Court relied on in Leocal v. Ashcroft, 543 U.S. 1 (2004), to determine whether a DUI offense constituted a "crime of violence."  Leocal v. Ashcroft, 543 U.S. at 4-5.  The Supreme Court held that 18 U.S.C. § 16's phrasing and its emphasis on the use of physical force against another person "suggests a category of violent, active crimes that cannot be said naturally to include DUI offenses."  543 U.S. at 11.  The Tenth Circuit has used the Supreme

Court's analysis of the meaning of "crime of violence" as articulated in 18 U.S.C. § 16 to understand its meaning in § 2L1.2. See United States v. Herrera, 286 Fed. Appx. at 558 ("As stated by the Supreme Court in Leocal, crimes of violence suggest a category of violent, active crimes . . . . [N]on-violent touching seems to exist outside the category of active violent crimes.").

## ANALYSIS

Beltran-Rivera submits that Kansas' aggravated burglary statute, K.S.A. § 21-3716, does not categorically qualify as a crime of violence and therefore only an 8-level enhancement is appropriate for the conviction enumerated in paragraph 39 of the PSR. The Kansas aggravated burglary statute under which Beltran-Rivera was convicted does not draw a distinction between burglary of dwellings and non-dwellings. See K.S.A. § 21-3716.

The Sentencing Guidelines' definition of "crime of violence" includes "burglary of a dwelling," and "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2. Beltran-Rivera argues that, because the Kansas aggravated burglary statute contains no element set or divisible portion of the statute pertaining to the burglary of a dwelling, it cannot constitute a crime of violence.

The modified approach is "properly used when the underlying statute of conviction contains multiple element sets and is therefore divisible." United States v. Herrera, 286 Fed. Appx. 546, 552 (10th Cir. 2008). Beltran- Rivera was convicted of attempted aggravated burglary, in violation of K.S.A. § 21-3716, which defines aggravated burglary as:

> knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein.

-7-

K.S.A. § 21-3716.  The Court finds that the statute on its face does not contain multiple element sets and thus will apply the categorical approach.

The Tenth Circuit advises that the Court must use federal sentencing law and policy in its assessment of the nature of a state statute.  See  United States v. Cordova-Arevalo, 456 F.3d at 1234.  The United States District Court for the District of Kansas in United States v. Lopez-Lopez, No. 08-10105-01, 2008 U.S. Dist. LEXIS 77474 (D. Kan. Oct. 1, 2008), addressed whether K.S.A. § 21-3716 constitutes a "burglary of a dwelling" under § 2L1.2.  The District of Kansas held that, because the statute is not divisible and contains no element set, the categorical approach was appropriate and "the statute clearly does not require proof that the defendant burglarized a dwelling."  United States v. Lopez-Lopez, 2008 U.S. Dist. LEXIS 77474, at *5.  The District of Kansas thus denied the United States' objection to the pre-sentencing report's failure to apply a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  See 2008 U.S. Dist. LEXIS 77474, at *6.  The District of Kansas did not analyze whether K.S.A. § 21-3716 requires the use, attempted use, or threatened use of physical force against the person of another.  The Court agrees with the assessment of the District of Kansas that the Kansas aggravated burglary statute does not constitute a "burglary of a dwelling" within the meaning of U.S.S.G. § 2L1.2(b)(1).  Indeed, the United States does not contend otherwise in this case.

The United States urges the Court to follow the Tenth Circuit's holding in United States v. Cruz-Sanchez, 47 Fed. Appx. 914, 915 (10th Cir. 2002)(unpublished decision).  In that case, the Tenth Circuit addressed whether the Utah statute for attempted aggravated burglary,[3]

---

[3] The United States, both in its brief and during the hearing before the Court, argued that United States v. Cruz-Sanchez addressed the interpretation of the Kansas aggravated burglary statute.  This description of the case is incorrect.  United States v. Cruz-Sanchez determined whether the definition of aggravated burglary under the Utah Criminal and Traffic Code  § 76-6-205 (1991)

which does not draw a distinction between dwellings and non-dwellings, is considered a crime of violence.  See United States v. Cruz-Sanchez, 47 Fed. Appx. 914, 915 (10th Cir. 2002).  The Utah Criminal and Traffic Code  § 76-6-205 defines aggravated burglary as follows:

> (1) A person is guilty of aggravated burglary if in attempting, committing, or fleeing from a burglary the actor or another participant in the crime:
>
> > (a) causes bodily injury to any person who is not a participant in the crime;
> >
> > (b) uses or threatens the immediate use of a dangerous weapon against any person who is not a participant in the crime; or
> >
> > (c) possess or attempts to use any explosive or dangerous weapon.

Utah Code Ann. § 76-6-205 (1991).  The Tenth Circuit considered whether the Application Note 1(B)(ii) limits the availability of enhancement for burglary convictions specifically to burglaries of dwellings regardless of the aggravated nature of a non-dwelling burglary.  See 47 Fed. Appx. at 915. The Tenth Circuit held that an attempted aggravated burglary of a non-dwelling conviction was a crime of violence as contemplated by U.S.S.G. § 2L1.2(b)(1)(A) because it is an "offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  47 Fed. Appx. at 915 (citing U.S.S.G. § 2L1.2(b)(1) App. Note 1.(B)(iii)).[4]

_____

constitutes a "crime of violence," and did not involve or discuss K.S.A. § 21-3716.

[4] The Tenth Circuit reasoned that the list of enumerated offenses was not exhaustive.  The Court notes, however, that the Tenth Circuit in United States v. Cruz-Sanchez was analyzing the meaning of an earlier version of the Commentary, which stated:

> 'Crime of Violence' --
>
> > (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

United States v. Cruz-Sanchez is distinguishable from the matter at hand.  The Utah statute at issue in Cruz-Sanchez contains elements which explicitly require physical force, specifically "uses or threatens the immediate use of a dangerous weapon against any person who is not a participant in the crime."  Utah Code Ann. § 76-6-205.  The Kansas aggravated burglary statute has no such requirement of force.  The statute requires only "intent to commit a felony, theft or sexual battery therein."  K.S.A. § 21-3716.  To constitute a "crime of violence," the statute must contain "an element [requiring] use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2(b)(1) App. Note 1.(B)(iii).  The Tenth Circuit has instructed the Court to look for "the presence of . . . mechanical impact that defines when force is physical."  United States v. Rodriguez-Enriquez, 518 F.3d 1191, 1194 (10th Cir. 2008).  The Court finds that "intent to commit a felony, theft, or sexual assault" does not suggest the presence of mechanical force.  Moreover, the language is broad enough to not necessarily require physical force.  It is conceivable that a person could commit aggravated burglary with intent to commit theft that does

_____

(II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2(b)(1) App. Note 1(B) (2002).  Nevertheless, the Tenth Circuit's reasoning that the definition was not intended to be an exhaustive list remains sound.  The United States Sentencing Commission noted in its "Reason for Amendment" that the previous definition:

often led to confusion over whether the specified offenses listed in that definition . . . also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another."  The amended definition makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.

United States Sentencing Commission Guidelines Manual, Appendix C Vol. II, Amendment 658.  The commentary, thus, was not amended to create an exhaustive list of offenses that constitute crimes of violence.

-10-

not include physical force against another person--for example breaking in to commit financial fraud using the victim's computer.  The Tenth Circuit has previously found that a statute did not constitute a "crime of violence" if there were conceivably alternative means of committing the underlying offense that did not require force.  United States v. Perez-Vargas, 414 F.3d 1282, 1286 (10th Cir. 2005)("[W]hile it is likely most third degree assaults will involve the use or threatened use of physical force, . . . the language of the statute allows for other possibilities.").  Additionally, the Tenth Circuit has found that "not every 'sufficiently dangerous activity . . . qualifies as a crime of violence.'"  United States v. Perez-Vargas, 414 F.3d at 1286 (citing United States v Lucio-Lucio, 347 F.3d 1202, 1206 (10th Cir. 2003)).

Because using the categorical approach, the Kansas aggravated burglary statute may cover more circumstances than "burglary of a dwelling," and more crimes than those that require "the use, attempted use, or threatened use of physical force against the person of another," the Court will sustain Beltran-Rivera's objection to the PSR.

IT IS ORDERED that the Defendant's Objection to the Pre-Sentence Report is sustained.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Gregory J. Fouratt
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Erlinda O. Johnson
Albuquerque, New Mexico

  *Attorney for the Defendant*

-11-